# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

KERRY A. GIBSON,      )
     )
       Plaintiff,      )
     )
       v.      )      No. 4:13CV1417 HEA
     )
SOCIAL SECURITY      )
ADMINISTRATION, et al.,      )
     )
       Defendants.      )

## <u>OPINION, MEMORANDUM AND ORDER</u>

The Court ordered plaintiff to show cause why this action should not be dismissed for lack of jurisdiction, and plaintiff has responded. Plaintiff has failed to demonstrate that this Court has jurisdiction to hear his claims. Therefore, the Court will dismiss this action without further proceedings.

Plaintiff brings this action against the Social Security Administration ("SSA"), the United States Department of Labor Office of Workers' Compensation Programs ("OWCP"), Gary A. Steinberg (Acting Director, OWCP), Jo Anne B. Barnhart (Former Commissioner of Social Security), and Fred Heese (Missouri Office of Administration). Plaintiff's allegations are vague and unclear. However, plaintiff has attached a copy of an adverse decision of an administrative law judge denying his application for social security benefits dated July 11, 2013. The notice clearly states

that if plaintiff wants to appeal from the decision, he must appeal to the Social Security Appeals Council. Plaintiff also alleges in a conclusory fashion that defendants violated his constitutional rights by denying his "insurance claims" in "bad faith." Plaintiff's response to order to show cause does not add any clarity to his complaint.

The Social Security Act's requirement that there be a "final decision" made by the Commissioner after a hearing is a prerequisite which must be met before a district court has subject matter jurisdiction to review a claim. Weinberger v. Salfi, 422 U.S. 749, 763-64 (1975). "[A] 'final decision' by the SSA is rendered when the Appeals Council either considers the application on the merits or declines a claimant's request for review, and not simply when the ALJ issues its decision." Pollard v. Halter, 377 F.3d 183 (2nd Cir. 2004); Garrett ex rel. Moore v. Barnhart, 366 F.3d 643, 647 (8th Cir. 2004). Because there is no indication that the Appeals Council considered the unfavorable decision by the ALJ, it appears that plaintiff never received a "final decision" from the Commissioner, and this Court, therefore, does not have subject matter jurisdiction over the complaint.

Additionally, under 5 U.S.C. § 8128(b), the decision of the Secretary of Labor to grant or deny compensation is final and is not subject to review by this Court. As

a result, this Court does not have jurisdiction over any claim for denial of worker's benefits.  Brumley v. U.S. Dept. of Labor, 28 F.3d 746, 747 (8th Cir. 1994).

Plaintiff has not alleged any facts or law indicating he is attempting to hold defendants Steinberg or Barnhart liable under the Federal Torts Claim Act.  And there is no indication that if he intends to bring such claims he has exhausted agency remedies.  To bring an action in federal court against the United States under the Federal Torts Claims Act, 28 U.S.C. § 1346, a plaintiff must first present his or her claim to the appropriate federal agency pursuant to 28 U.S.C. § 2675(a).  Non-compliance with § 2675(a) operates as a jurisdictional bar to proceeding in federal court.  McCoy v. United States, 264 F.3d 792, 795 (8th Cir. 2001) ("A litigant may not base any part of his tort action against the United States on claims that were not first presented to the proper administrative agency.").

Plaintiff's allegations against defendant Heese do not state a claim for relief. Plaintiff sues Heese in his official capacity only, see Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995), and state employees in their official capacities are not "persons" for the purposes of 42 U.S.C. § 1983.  E.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  Moreover, plaintiff's claims against Heese are so insubstantial as to fail to confer jurisdiction on this Court.  See Biscanin v. Merrill Lynch & Co., Inc. 407 F.3d 905, 907 (8th Cir. 2005).

Lastly, the allegations in the complaint are entirely conclusory and fail to state facts, which if proved, would entitle plaintiff to relief.

For each of these reasons, the Court finds that subject matter is lacking. As a result, the Court will dismiss this action pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

Dated this 31st day of July, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE